could not be caused from infection of the hand? A. Well, I would not state that, because nobody knows the absolute cause of it." It further appeared by the testimony of Mrs. Vanderslice that her husband prior to his accident was a robust and healthy man. On this evidence the Industrial Commission found as a fact that " As result of the irritation and inflammation caused by the infection produced by the injury, a cancer developed in the said glands, and spread to his tongue and tonsils * * * and on August 29, 1920, he died as a result of a hemorrhage from the jugular vein; said hemorrhage being caused by the said cancer, but the proximate cause of death was the injury that he received on November 10, 1919." The appellant challenges the correctness of the above finding of the State Industrial Board upon the ground that there is no evidence to sustain it. The nature of the disease of cancer is not known to the physician. He recognizes its appearances, its development, its arrest under surgical or other treatment or its continuance to the death of the afflicted one. The medical profession have observed, and it is a fact, that cancer locates itself in some cases at the site of an injury. There is no evidence in the case that cancer locates itself at any other place in the human anatomy as the result of an injury. Here the injury was in the palm of the hand. There is no evidence that there was any cancerous condition of the hand. Thus there is nothing to support the opinions of the witnesses that Vanderslice's cancer of the glands in the neck came from the injury to his hand. The doctors all concede the mystery of cancer. They do not know the etiology of it. Hence they are unable to say what causes it except as it appears at the place of an injury. Admittedly their views on that subject are matters of speculation. It has long been the rule in the science of the law that no decision should be suffered to rest upon a mere guess or speculation. The rule in this State has long been that where two causes concur in producing an injury, for one of which a defendant was responsible and for one of which he was not, the jury could not be permitted to speculate as to which was the actual cause. (*Taylor* v. *City of Yonkers*, 105 N. Y. 209.) Where cancer is the alleged result of an injury the trial forum should much less be permitted to speculate since the causes of it, except as it follows trauma, are unknown. Speaking on the subject of cancer, Mr. Justice Woodward said: "We are unable to discover any evidence upon which a finding can legitimately be based that the cancer was a result naturally and unavoidably flowing from the injury received. The whole matter is speculative. Medical science, as voiced by the claimant's own witness, frankly says that it has not yet found out the cause of cancer." (*Schapiro* v. *Wanamaker*, 197 App. Div. 810.) The same principle has been invoked in tuberculosis cases. (*Bowman* v. *Gibson*, 194 App. Div. 855.) I think there are not sufficient facts to base a finding of responsibility upon the employer and insurance carrier in this case. To take the money of the employer and award it to the claimant under the evidence presented, would be such a departure from fixed legal principles as to suffer justice to rest on the unsubstantial rather than on a solid foundation. The award should be set aside. Hinman, J., concurs.

————

CARLOS B. BROWN, Respondent, v. SIMON WOODS, Appellant.— Judgment reversed on the ground that the verdict is against the weight of evidence, and new trial granted, with costs to the appellant to abide the event. All concur.

DAISY S. DOYLE, Respondent, v. EDMUND W. DOYLE, Appellant.— Order unanimously affirmed, with ten dollars costs and disbursements.